By the Court.
 

 Maxwell, the plaintiff in error, sued Ford in the court of common pleas for the sum of $4,000, alleged to be due as a commission for procuring for him a purchaser for a certain lot in the city of Mansfield, Ohio, in pursuance of a written contract, entered into between them.. A jury was waived and the cause heard by the trial court, which rendered judgment in favor of the plaintiff for $3000, with interest. This judgment was reversed by the Court of Appeals, and error
 
 *348
 
 is prosecuted to this court from such judgment of reversal.
 

 The material facts touching the sale of this lot are not in dispute, and are evidenced by various written agreements, all executed on the same day. One Addie Stevens was originally the owner of the lot. On August 16, 1919, she entered into a written agreement with Maxwell to divide equally with him “all the money that he can acquire over $20,000” for the property. On the same day Maxwell entered into a written agreement with Ford, whereby the property was sold to the latter for the sum of $22,000, which was fully paid. At this time the title still remained in Stevens, but on August 22, 1919, she conveyed the property to Ford for the named consideration of $22,000. On August 16, 1919, and contemporaneous with his agreement to sell Ford the property for $22,000, Maxwell entered into a separate written agreement reciting the selling of the lot on contract to Ford for $22,000 and stipulating that Ford should “divide equally with said first party [Maxwell] all that said lot can be sold for over and above said $22,000.” Thereafter, on February 25, 1920, Maxwell procured a purchaser for the lot, who offered to pay the sum of $30,000, which sum Ford refused to accept. Said purchaser now is, and at all times has been, ready, able, and willing to pay such sum to Ford for the conveyance of the premises.
 

 The defense of Ford, the defendant in error, was that at the time these contracts were made Maxwell was acting as the agent of Stevens and had actual knowledge that the value of the property
 
 *349
 
 was far more than the sum which he obtained for her; that Maxwell, as snch agent, was acting in a dual capacity, and acted in bad faith toward Stevens, his principal, in procuring a purchaser therefor.
 

 Stevens is not a party to this action. If Maxwell was her agent, and acted in bad faith or in violation of his contract with her, a cause of action might accrue to Stevens. Ford, however, cannot take advantage of the fact that there was a breach of duty to Stevens, although both he and Maxwell may have known that the property had a greater value when Ford purchased it. The latter obtained a conveyance of the property from Stevens on August 22, 1919, and had theretofore agreed with Maxwell in writing to divide equally with the latter all that the lot could be sold for over and above the $22,000. Certainly, under the facts stated, Ford cannot avail himself of any remedy which Stevens might or might not pursue against Maxwell.
 

 The judgment of the Court of Appeals is reversed, and that of the court of common pleas affirmed.
 

 Judgment reversed.
 

 Robinson, Jones, Matthias, Day and At,ten, JJ., concur.
 

 Wanamaker, J., not participating.